## Edgar W. Hooker, Trustee, v. E. A. Blount et al.

### Decided November 10, 1906.

**1.—Bankruptcy—Unlawful Preference—Notice.**

    A merchant in failing circumstances sold his stock of merchandise and applied the proceeds to the payment of two debts for which his brothers were sureties, one of the debts evidenced by note would not have been' due for nearly a year; the holder of this note was not a resident of the same county with the merchant, but he sent the note for collection to a bank which was doing business in said county, said bank being the regular correspondent at that place of said creditor; the note was paid to the bank by one of the sureties on the note. The owner of the note did not know of the insolvency of the merchant, but the officials of the bank did. Held, the attempted preference was unlawful, and notice to the bank of the insolvency of the merchant was notice to the owner of the note.

**2.—Same—Extinguishment of Note.**

    The payment of a note by the maker in an attempted unlawful preference of creditors does not extinguish the note as evidence of the debt as to endorsers or sureties thereon. Faires v. Cockerell, 88 Texas, 428, distinguished.

Appeal from the County Court of Nacogdoches County. Tried below before Hon. Robert Berger.

*King & King,* for appellant.—Knowledge, or reasonable cause to believe, of a debtor's insolvency and intention to give a preference in the payment of a debt, by an agent of a creditor, at the time, affects the principal of the agent. 9 Am. Bank Rep., 335 et seq.

If, within four months, a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person. Frank's Annotated Bankrupt Law, sec. 60a and 60b, pp. 134 to 136; Des Moines Savings Bank v. Morgan Jewelry Co., 12 Am. Bankruptcy Rep., 781; Western Tie & Timber Co. v. Brown, 12 Am. Bankruptcy Rep., 111; In re Pettingill & Co., and notes, 14 Am. Bankruptcy Rep., 758.

*Ingraham, Middlebrook & Hodges,* for appellees, except Blount.

GILL, CHIEF JUSTICE.—On the 5th day of October, 1903, J. Wright executed and delivered to R. A. Barker his promissory note for $800 due on or before the 1st day of January, 1905. Thereafter Barker assigned it without recourse to Bridges and he assigned it to E. A. Blount for value. One hundred dollars had been paid on it the day after its date. Dan Wright, Wesley Wright and E. L. Wright, brothers of the maker, were sureties thereon. E. C. Smith, a brother-in-law of the maker, was also a surety. On January 7, 1904, J. Wright, who was then in the mercantile business, sold out his entire stock of merchandise for $1,700. One thousand dollars of this sum he used to discharge a debt due by him to Bridges, on which his brothers and brother-in-law were sureties, and with the remaining $700 he paid off the $800 note above described. At the time of the sale of his stock he was insolvent, being indebted in the sum of $6,000 in excess of the sum for which his stock was sold. He took this course and paid these notes in order to protect his brothers and brother-in-law who were sureties thereon. As far as he alone could make it such, it was a clear preference in favor of the two creditors named, and he testified frankly to this effect.

On May 5, 1904, and less than four months after these notes were paid, J. Wright was adjudged a bankrupt, and Edgar W. Hooker was appointed trustee. He thereupon brought this suit against E. A. Blount to recover the payment so made and have it placed with the funds of the bankrupt to be distributed in due course.

Blount answered by general denial, and specially set up the note and its payment. Further he placed the sum collected in the registry of the court and subject to the court's order upon the trial. He impleaded Bridges as endorser and the sureties above named and prayed that he have his judgment against them in the event the court adjudged the money to the trustee.

Bridges and the sureties answered by general denial, and specially denied that there had been any preference. Bridges asked judgment

over against the sureties in case he was held as endorser at the suit of Blount.

The court sitting without a jury heard the facts and rendered a general judgment against the plaintiff trustee, and he has appealed. He insists here that the undisputed facts show such a preference as the statute forbids.

The appellees insist: First. That the facts do not constitute a preference, because Blount is not shown to have had any knowledge of the bankruptcy of J. Wright; and, Second. If the payment should be held a preference the payment extinguished the note and the sureties were thereby discharged.

In passing upon the question whether an unlawful preference was made it is necessary to state more fully the facts upon that point. It is undisputed that the payment was made within four months of the bankruptcy and for the purpose above stated. The note was paid in less than five months of its date and nearly a year before its payment could have been enforced. Blount, who lived in Nacogdoches, was advised by Bridges that Wright, who lived at Center, would pay the note if it was sent to the bank there for collection. Acting upon this advice Blount forwarded the note to the First National Bank at Center which was his regular correspondent at that point. The money was actually paid to the bank by one of the sureties to whom the bankrupt had intrusted it for that purpose. The officials of this bank were well acquainted with J. Wright and shortly before the collection of this note had presented other paper to J. Wright for collection and it had been dishonored. He was at that time notoriously insolvent. A few days before the sale of his stock he had been sued on a claim for $1,100, and the day after the sale the stock was attached. The mercantile business had been conducted and the bankrupt lived in the town where the bank was located and this bank made the collection just thirteen days after the sale of the stock.

The bankrupt's purpose to prefer being admitted and the notice to the bank thus clearly appearing the question presented is whether notice to the bank was notice to Blount. The bank was the agent of Blount for the collection of this note, and it seems to us there can be but one answer to the question. Blount was bound by the bank's knowledge. (Babbitt v. Kelly, 9 Am. Bankruptcy Rep., 335.)

It is equally clear that such payment did not extinguish the note either as to the endorser or the sureties. In opposition to this conclusion appellees cite the case of Faires v. Cockerell, 88 Texas, 428. That was a suit by a surety to recover upon a note which he had paid. It was held that his payment extinguished the debt and that his remedy was upon the implied promise to pay. It was further held that it was no defense to the surety's demand that the note itself was barred by limitation. The authority has no application to the case before us. Nor has Haberman v. Heidrich, 3 Texas Ct. Rep., 816. The other authority is erroneously cited and can not be found.

We think the judgment should be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*